UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| TERRY B. YOUNG, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 17-126-DCR |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Terry Young is an inmate confined at the Federal Medical Center-Lexington in Lexington, Kentucky. Proceeding without counsel, Young has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] This matter is pending for initial screening of Young's petition. 28 U.S.C. § 2243. The Court will deny the relief sought because Young's claims cannot be asserted under 28 U.S.C. § 2241.

**I.**

On April 13, 1998, a federal jury sitting in the Northern District of Illinois found Young guilty of conspiring to possess with intent to deliver narcotics in violation of 21 U.S.C. § 846 (Count 1); possession with intent to deliver narcotics in violation of 21 U.S.C. § 841(a)(1) (Count 2); and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 14). Young was sentenced on September 22, 1999, to a term of life imprisonment on Counts 1 and 2 and a 240-month concurrent sentence on Count 14, to be followed by a 5-year term of supervised release. *United States v. Young*, No. 1: 97-cr-63-1 (N.D. Ill. 1997).

The United States Court of Appeals for the Seventh Circuit affirmed Young's conviction on August 29, 2002, but vacated his sentence and remanded the case to the district court for further proceedings. *United States v. Mansoori*, 304 F.3d 635 (7th Cir. 2002)("*Mansoori I*"). With respect to Young's sentence on Count 1, the Seventh Circuit noted that Young was sentenced to a term of life imprisonment based on the district court's finding that he and his co-defendants had conspired to distribute more than 150 kilograms of cocaine. *Id*. at 657. Although 21 U.S.C. § 841(b)(1)(A) specified a maximum term of life imprisonment for narcotics offenses involving five or more kilograms of cocaine, pursuant to the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which the court noted was decided after Young and his co-defendants were sentenced, "the indictment must allege, and a jury must unanimously find, that the offense involves that threshold amount before the court may sentence a defendant to the life term authorized by section 841(b)(1)(A)." *Id*. Without a jury finding as to the amount of narcotics involved, the default statutory maximum of 20 years applies, as provided for in 21 U.S.C. § 841(b)(1)(C). *Id*.

The Seventh Circuit explained that, in this case, the jury was not asked to decide whether the conspiracy involved any particular drug amount. Rather, the district court instructed that the Government need only prove that the conspiracy charge involved a "measurable amount" of narcotics. *Id*. Because there was no jury finding regarding the amount involved, the Seventh Circuit found that the district court erred in imposing any sentence in excess of the default maximum 20 years on Count 1. However, the issue had not been raised below and the appellate court determined that this sentencing error was not "plain" error because it did not affect "the fairness, integrity, or public reputation of the proceedings below." *Id*. at 658. It determined that, in view of the evidence before the jury, which

"consistently and overwhelmingly demonstrated that the defendants were distributing cocaine and heroin on a very large scale . . . there can be no doubt that the jury would have found that the offense involved the threshold amount of five kilograms of cocaine and/or one kilogram of heroin as necessary to authorize prison terms of life" for Young and his co-defendants. *Id.*

The Seventh Circuit found that, "[p]ursuant to 21 U.S.C. § 841(b)(1)(B)(ii), the maximum prison term that could ever be imposed on [Count 2] was forty years because the underlying conduct involved more than 500 grams of cocaine but less than five kilograms." *Id*. at 658-59. Because the district court had erroneously sentenced Young to a term of life, the case was remanded for re-sentencing on Count 2. However, because the jury had not been asked to determine whether the defendants (including Young) were responsible for distributing anything more than a "measurable amount" of cocaine, the appellate court instructed that, in accordance with *Apprendi*, "the maximum term that the district court may impose on remand is the default maximum term of twenty years specified in section 841(b)(1)(C)." *Id*. at 659.

Young was resentenced following remand on August 3, 2005, to a term of imprisonment of life on Count 1; a term of 20 years on Count 2; and a term of 240 months on Count 14, all to run concurrently, to be followed by a 5-year term of supervised release on each Count, to run concurrently. *United States v. Young*, No. 1: 97-cr-63-1 (N.D. Ill. 1997). Young again appealed his sentence. *United States v. Mansoori*, 480 F.3d 514 (7th Cir. 2007)("*Mansoori II*"). Young argued on his second appeal that, contrary to the appellate court's prior finding, he had preserved an *Apprendi* argument at his original sentencing. Thus, he contended that the Seventh Circuit had erred in subjecting his challenged to limited, plain error review. *Id*. at 517. Notwithstanding this argument, the court of appeals found that, even if Young were correct that he had timely raised an *Apprendi* argument in the district court, the

*Apprendi* error was harmless for the same essential reason that it found it not to constitute plain error in Young's first appeal. *Id*. at 523-24.

The Seventh Circuit further considered whether the district court had treated the Sentencing Guidelines as binding when it re-sentenced Young, to determine whether Young's sentence was inconsistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and thus entitling Young to a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir.), *cert. denied,* 546 U.S. 849 (2005), and *cert. denied,* 546 U.S. 1175 (2006). *Id*. at 524. The court found that Young was not entitled to a *Paladino* remand, as he was re-sentenced after *Booker* was decided and the district court made "clear on the record that it would not sentence Young any differently notwithstanding the advisory nature of the Guidelines." *Id*. Simply put, a *Paladino* remand was unnecessary because the district court clearly understood that it was not bound by the Guidelines. *Id*.

Young filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Illinois on April 7, 2008. He raised various arguments, including the *Apprendi* error that had previously been raised and addressed by the Seventh Circuit. This motion was dismissed by the district court. Thereafter, in 2015, Young filed a motion to set aside this judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. This motion is currently pending in the district court. *United States v. Young*, No. 1: 08-cv-1999 (N.D. Ill. 2008).

Pursuant to a joint statement filed by Young and the United States in 2016, the sentencing court reduced Young's previously-imposed life sentence on Count 1 to 360 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and retroactive amendment 782 to the Federal Sentencing Guidelines. *United States v. Young*, No. 1: 97-cr-63-1 (N.D. Ill. 1997).

-4-

Young now seeks relief from in this Court *via* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] His petition relies upon two main arguments: (1) that his life sentence is invalid as a result of faulty jury instructions in which the jury was informed by the court that drug quantity was not an element of the offense, thereby violating Young's Fifth Amendment due process rights and Sixth Amendment rights, as well as his Eight Amendment rights to be free from cruel and unusual punishment because he remains incarcerated due to the faulty jury instructions;[1] and (2) that he is entitled to proceed in this case pursuant to the "savings clause" of 28 U.S.C. § 2255(e), as the United States Supreme Court's decisions in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881 (2014), *Southern Union Co. v. United States*, 567 U.S. 343 (2012), *Peugh v. United States*, 569 U.S. 530 (2013), and *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), all made substantial changes in the law and were made retroactive by the United States Supreme Court. However, Young is not entitled to relief because his § 2241 petition is an impermissible attack on his underlying sentence.

**II.**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court

---

[1] Young repeatedly refers to his "life sentence." However, as explained above, his life sentence on Count 1 has been reduced by the sentencing court to a term of 360 months. *United States v. Young*, No. 1: 97-cr-63-1 (1997).

evaluates Young's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor at this stage of the proceedings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999); *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012). Establishing that a § 2255 remedy is inadequate or ineffective is a high burden for a petitioner to meet, as "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795

(6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). Nor does this exception apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law. *Nechovski v. Snyder-Norris*, No. 0:16-CV-3-HRW, 2016 WL 3552196, at *5 (E.D. Ky. June 23, 2016), *aff'd*, No. 16-6082 (6th Cir. July 6, 2016) (citing *Charles*, 180 F.3d at 756).

Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. The general rule is that new decisions are not retroactive "unless the new decision provides a criminal rule of procedure that is of 'watershed' importance or is a substantive change in the law that imposes a new burden on the states or federal government." *Id.* (citing *Teague v. Lane*, 489 U.S. 288 (1989)).

Young also challenges his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does

not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Young's claim fails to satisfy all requirements of *Hill*. At first blush, he would seem to satisfy the first requirement, as he was originally sentenced in 1999, which was before *Booker* was decided. However, Young was re-sentenced in August 2005, after the Supreme Court's decision in *Booker*. On appeal, the Seventh Circuit specifically considered whether Young should be re-sentenced in light of *Booker* and determined that he should not, as the district court had made clear on the record that it understood that it was not bound by the Guidelines and that "it would not sentence Young any differently notwithstanding the advisory nature of the Guidelines." *Mansoori II*, 480 F.3d at 524.

Young also cannot claim that he has been foreclosed from asserting his claim in a successive petition under § 2255, as Young's motion to set aside the sentencing court's order dismissing his § 2255 motion is currently being briefed and remains pending. *United States v. Young*, No. 1: 08-cv-1999 (2008). Thus, Young also fails *Hill's* second requirement.

Turning to the third *Hill* requirement, Young fails to identify any retroactively applicable Supreme Court decision issued after his sentence became final establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. In fact, Young's sentence was not based on an enhancement due to a prior conviction. Rather, it was enhanced due to the quantity of drugs involved.

Young does make a fleeting reference to a string of Supreme Court cases that were issued after he was sentenced. However, he offers no explanation regarding how these cases apply to the merits of his argument with respect to the trial court's failure to instruct the jury concerning to the quantity of drugs involved, nor is the relevance of any of these cases to Young's petition apparent to the Court. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (recognizing that the actual innocence gateway to federal habeas review developed in *Schlup v. Delo,* 513 U.S. 298 (1995), and *House v. Bell,* 547 U.S. 518 (2006), extends to cases where the petition would otherwise be barred by the expiration of the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1998 ("AEDPA")); *Burrage v. United States*, ___ U.S. ___, 134 S. Ct. 881, 891 (2014)(for purposes of § 841(b)(1)(A)'s sentencing enhancement provision, death or serious bodily injury only "results from" the drug trafficking when the use of the controlled substance does not merely "contribute to" - but instead is the "but-for cause of" - the victim's death or injury); *Southern Union Co. v. United States*, 567 U.S. 343, 346 (2012) (the *Apprendi* rule that the determination of any fact, other than the fact of a prior conviction, that increases a criminal defendant's maximum potential sentence also applies to sentences of criminal fines); *Peugh v. United States*, 569 U.S. 530 (2013) (there is an *ex post facto* violation when a defendant is sentenced

under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense); *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 2155 (2013) (stating that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," consistent with the Supreme Court's holding in *Apprendi*). Young's petition does not present a statute of limitations issue (as in *McQuiggin*); his sentence was not enhanced because death or bodily injury resulted from his drug trafficking (as in *Burrage*); he is not challenging the imposition of a criminal fine (as in *Southern Union Co.*); and he is not claiming an *ex post facto* violation resulting from a Guideline range in place at his sentencing that was higher that the range provided by the Guidelines in place at the time of his offense (as in *Peugh*).

*Alleyne* extended *Apprendi*'s holding (i.e., that facts that increased the statutory maximum sentence must be determined by a jury) to apply to facts that increased the statutory minimum sentence. *Alleyne*, 133 S.Ct at 2160. In Young's case, the sentencing court increased Young's statutory *maximum* sentence as a result of the quantity of drugs involved, thus implicating *Apprendi*, not *Alleyne*. Even so, the Seventh Circuit has twice considered the issue in Young's case and has determined on both occasions that the *Apprendi* violation with respect to Count 1 was not a "plain" error because it did not affect "the fairness, integrity, or public reputation of the proceedings below." *Mansoori I*, 304 F.3d at 658; *Mansoori II*, 480 F.3d at 523-24.

In addition, none of the cases cited by Young have been made retroactive to cases on collateral review by the Supreme Court or the Sixth Circuit. In fact, in *Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014), the Sixth Circuit specifically held that "any new rule announced in *Alleyne*

has not been made retroactive to cases on collateral review by the Supreme Court." *Id*. For all of these reasons, Young fails to satisfy the third requirement of *Hill*.

Finally, even putting aside Young's failure to satisfy *Hill*, his claim that the trial court erred in failing to instruct the jury to make a finding as to the drug quantity involved in Count 1 has no merit. This is simply yet another attempt to raise an *Apprendi* argument that has twice been considered and rejected by the Seventh Circuit. *Mansoori I*, 304 F.3d at 658; *Mansoori II*, 480 F.3d at 523-24. Regardless, there can be no doubt that this claim is one of ordinary trial error which could have and must have been pursued on direct appeal or in an initial motion under § 2255. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir.2003).

### III.

Young's claims may not be pursued under 28 U.S.C. § 2241 for the reasons outlined above. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Terry Young's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered this date consistent with this Memorandum Opinion and Order.

This 31st day of October, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge